IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings Under Chapter 13 |
| DAVID REYNOLDS | Case No. 06-30505 |
| Debtor | |
| DAVID REYNOLDS | |
| Plaintiff, | |
| v. | Adv. No. 07-3005 |
| RUSSELL SIMON, TRUSTEE | |
| Defendant | |

\* \* \* \* \* \*

| | |
|---|---|
| IN RE: | |
| HOWARD F. BEARD, II, | Case No. 06-30094 |
| Debtor | |
| HOWARD F. BEARD, II | Adv. No. 07-3068 |
| Plaintiff. | |
| v. | |
| RUSSELL SIMON, TRUSTEE | |
| Defendant. | |

<u>OPINON</u>

In each of these adversary proceedings, the debtors have filed Complaints for Declaratory Judgment seeking: (1) an order requiring the trustee to provide them with the payoff amounts for their Chapter 13 bankruptcy cases; and (2) a declaration from this Court that the Bankruptcy Code, as amended by the Bankruptcy Abuse and Consumer Protection Act of 2005 (BAPCPA),

permits Chapter 13 debtors to complete their cases in less time than is prescribed by the terms of their confirmed plans.

The basic facts of these cases are not in dispute. Each of the debtors filed for bankruptcy after October 17, 2005 and, therefore, are subject to the provisions of BAPCPA. Both Chapter 13 plans have been confirmed and provide for payments to creditors over a period of 36 months. Although neither plan provides for 100% repayment to unsecured creditors,[1] each debtor now wishes to "pay off" their Chapter 13 plan prior to the expiration of the stated 36 month plan duration.[2] The Chapter 13 trustee has refused to provide the debtors with this payoff information on the grounds that pursuant to § 1325(b)(1)(B), a plan cannot be proposed for a duration that is less than the relevant "applicable commitment period" for that debtor.[3] However, the Court need not address the merits of the parties' arguments at this time because it finds that the debtors have not properly brought the issues before the Court.

The debtors have brought their actions in the form of Complaints for Declaratory Judgment. The Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, provides a discretionary remedy by which "rights and obligations may be adjudicated involving an actual controversy

---

[1] The confirmed plan in *Reynolds* proposes to pay nothing to unsecured creditors. The confirmed plan in *Beard* provides for an unsecured creditor pool of $1,500.00, which is substantially less than the total amount owed to unsecured creditors.

[2] Mr. Reynolds intends to use funds from an exempt 401(k) account in order to complete his payoff. Mr. Beard has indicated that he is going to refinance his home in order to pay off his plan.

[3] Contrary to the parties' representations, these cases do *not* present the same issue that was addressed by the Court in *In re Nance*, Case No. 06-41091 slip op. (Bankr. S.D. Ill. July 10, 2007). *Nance* examined the issue of plan duration and the "applicable commitment period" for purposes of confirmation pursuant to 11 U.S.C. § 1325. In each of the cases at bar, the debtors' plans have already been confirmed. Therefore, the issue in these cases is whether the debtors may modify their plan post-confirmation to provide for payment over a period less than that provided for in the confirmed plan.

that has not reached the stage at which either party may seek a coercive remedy and in cases where a party which could sue for coercive relief has not yet done so." 10B C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 275 (3d ed.1998).  Such judgments are binding as to the duties and rights of the parties.  However, a declaratory judgment does not order any action or result in an award of damages to the parties of the case.  As the United States Court of Appeals for the Eighth Circuit explained:

> 'A declaratory judgment or decree is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done; its distinctive characteristic being that the declaration stands by itself, and no executory process follows as of course; and the action therefor is distinguished from other actions in that it does not seek execution or performance from the defendant or opposing parties.'

*Gutensohn v. Kansas City Southern Ry Co.*, 140 F.2d 950, 953 (8th Cir. 1944) (*quoting* 1 *Corpus Juris Secundum,* Actions, § 18, p. 1018).  Here, the debtors are requesting that the Court order the trustee to provide them with the payoff figures for their cases.  A request for declaratory judgment is not the proper vehicle to compel a party to act and, consequently, if the trustee will not voluntarily provide the information, the debtors must instead seek affirmative injunctive relief.

Further, in seeking to pay off their cases in a period of less than 36 months, the debtors are attempting to modify a material term of their confirmed plans.  However, as of the date of this Opinion, neither of the debtors have actually filed an amended Chapter 13 plan detailing these proposed changes.  As such, any ruling regarding modification would be premature and, in fact, would constitute an advisory opinion.  In order to successfully bring an action under the Declaratory Judgment Act, there must be a controversy 'appropriate for judicial determination' rather than 'a difference or dispute of a hypothetical or abstract character.' *Diamond Shamrock*

*Corp. v. Lummermans Mutual Cas. Co.*, 416 F.2d 707, 709 (7th Cir. 1969) (*quoting Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461,464, 81 L.Ed. 617 (1937)).  In the absence of amended plans being filed, this Court does not believe that either of theses cases present justiciable controversies appropriate for review.

Finally, in order to avoid piecemeal litigation and partial dispositions of disputes, when bringing an action for declaratory relief "all persons who have an interest in the determination of the questions raised should be before the court." *Diamond Shamrock Corp.*, 416 F.2d at 710.  In the cases at bar, the debtors have sought only a determination of their rights *vis a´vis* the Chapter 13 trustee and, therefore, only the trustee was served with copies of the complaints.  However, the relief being sought in these cases--a determination that BAPCPA permits early payoffs of Chapter 13 plans-- also affects the rights of the debtors' unsecured creditors, none of whom have been apprised of these proceedings or of the requested relief.  This Court declines to issue any declaration that would affect the rights of interested parties who have not been afforded the opportunity to be heard.

Accordingly, for the reasons set forth above, each of these adversary complaints are DISMISSED, with leave to file amended complaints consistent with this Opinion, if necessary, within fourteen (14) days.

SEE WRITTEN ORDER.

ENTERED: July 20, 2007

                                              /s/ Kenneth J. Meyers
                                    UNITED STATES BANKRUPTCY JUDGE